UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND and
THE ELECTRICIAN'S RETIREMENT FUND

Docket No.: CV-18-4660

**COMPLAINT**

Plaintiffs,

-against-

WISE ELECTRICAL SERVICES, INC.,
JAVELIN ELECTRIC, INC., KAYLASNAUTH BHIRO
a/k/a KAYLAS BHIRO and ROCCO PROGANO

Defendants.
------------------------------------------------------------------x

Plaintiffs, Trustees of Building Trades Educational Benefit Fund, The Building Trades

Annuity Benefit Fund, the Building Trades Welfare Benefit Fund, and the Electrician's Retirement

Fund, (hereinafter referred to as "Funds"), by their attorneys Barnes, Iaccarino, & Shepherd, LLP

allege as follows:


**JURISDICTION AND VENUE**

1.      This action is based on the provisions of 29 U.S.C. Section 185 and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended

(hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2.      Jurisdiction is conferred upon this court by Sections 502(e)(1) and 502(f) of

ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f) and derivative jurisdiction is contained in 28

U.S.C. Sections 1331 and 1337.

1

3.      Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and 29 U.S.C. Section 1391(b).

4.      This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a written agreement to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

**PARTIES**

5.      The Plaintiffs Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Plan Sponsor and various employers pursuant to the terms of the Participation Agreements and Trust Indentures.  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1)) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.      The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the employer is required to contribute to the Funds pursuant to its Participation Agreements, Trust Indentures and/or Policy for Collection of Delinquent Contributions between the employer and the Funds.  The Funds are authorized to collect contributions which include, but is not limited to, payments for annuity, educational benefits,

2

hospitalization, and medical care on behalf of the employees of the employers, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Participation Agreements and Trust Indentures that concern the protection of employee benefit rights.

7.      The Plaintiffs Funds' principal office is located and administered at 50 Charles Lindbergh Blvd., Suite 207, Uniondale, NY 11553, in the County of Nassau.

8.      Upon information and belief, the Defendant, Wise Electrical Services, Inc. (hereinafter referred to as "Wise") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer obligated to participate in the Funds.

9.      Upon information and belief, the Defendant, Javelin Electric, Inc. (hereinafter referred to as "Javelin") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer obligated to participate in the Funds.

10.     Upon information and belief, Wise is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 1261 Broadway, Suite 609, New York, NY 10001, County of New York.

11.     Upon information and belief, Javelin is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business located at 1261 Broadway, Suite 609, New York, NY 10001, County of New York.

12.     Upon information and belief, the Defendant Kaylasnauth Bhiro a/k/a Kaylas Bhiro (hereinafter "Bhiro") is/or was an officer, agent, partner and/or principal owner of the Wise and is personally and individually obligated to assume all obligations Wise.

13.     Upon information and belief, the Defendant Bhiro is/or was an officer, agent, partner and/or principal owner of the Javelin and is personally and individually obligated to assume all obligations Javelin.

14.     Upon information and belief, Bhiro maintains an address at 468 Murray Street, Pelham, NY 10803.

15.     Upon information and belief, the Defendant, Rocco Progano (hereinafter referred to as "Progano") is/or was an officer, agent, partner and/or principal owner of the Wise and is personally and individually obligated to assume all obligations of the Wise.

16.     Upon information and belief, the Defendant Progano is/or was an officer, agent, partner and/or principal owner of the Javelin and is personally and individually obligated to assume all obligations of the Javelin.

17.     Upon information and belief, Progano maintains an address at 2475 Summer Street, Stamford, Connecticut 06905.

18.     Upon information and belief, the Bhiro exercised control over the activities and operations of Wise and determined whether or not Wise made contributions to the Funds.

19.     Upon information and belief, the Progano exercised control over the activities and operations of Wise and determined whether or not Wise made contributions to the Funds.

20.     Upon information and belief, Javelin is an alter ego of Wise.

21.     Upon information and belief, Javelin is a single employer of Wise.

4

22.     Wise is in an industry affecting commerce, all as defined in ERISA Section 3(5), (11) and (12) 29 U.S.C. Section 1002(5), (11) and (12).  Wise is also an employer of employees covered by an employee benefit plans and multiemployer plan maintained pursuant to collective bargaining agreements/participation agreements, all as defined in ERISA Section 3(3) and (37), and are obligated to make contributions to the Plans in accordance with ERISA Section 515 29 U.S.C. Section 1145.

23.     Upon information and belief, Wise is a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and acted directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

24.     Upon information and belief, Javelin is a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and acted directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

25.     Upon information and belief, Bhiro is a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and acted directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

26.     Upon information and belief, Progano is a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and acted directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

27. To the extent that Bhiro exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, he is a fiduciary within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21) (A).

28. To the extent that Progano exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, he is a fiduciary within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21) (A).

29. Upon information and belief, Defendant Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs, but Bhiro chose instead to use the money for his own benefit.

30. Upon information and belief, Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs, but Progano chose instead to use the money for his own benefit.

31. Upon information and belief, Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs, but Bhiro chose instead to divert significant sums from Wise to the related refrigeration business, Defendant, Javelin.

32. Upon information and belief, Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs, but Progano chose instead to divert significant sums from Wise to the related refrigeration business, Javelin.

33. Upon information and belief, Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs but Bhiro chose instead to direct Wise's bookkeeper to pay off all of Bhiro's personal debt rather than corporate debts.

34. Upon information and belief, Wise had sufficient funds to pay the benefit contributions owed to Plaintiffs, but Progano chose instead to direct Wise's bookkeeper to pay off all of Progano's personal debt rather than corporate debts.

35.     Upon information and belief, Defendant, Bhiro misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant, Bhiro collected Wise's receivables from general contractors and diverted them for personal use.

36.     Upon information and belief, Defendant, Rocco Progano misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant, Rocco Progano collected Wise's receivables from general contractors and diverted them for personal use.

37.     Upon information and belief, Defendant, Bhiro misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant, Bhiro collected Wise's receivables from general contractors and diverted them to Javelin.

38.     Upon information and belief, Defendant, Rocco Progano misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant, Rocco Progano collected Wise's receivables from general contractors and diverted them to Javelin.

39.     Upon information and belief, Defendant, Bhiro made misrepresentations to his employees that Wise would pay their benefits with the intent of inducing them to remain in Wise's employ.  Those individuals relied on Defendant, Bhiro's misrepresentations to their

7

detriment in that they remained in Wise's employ instead of going to work for a different employer that would have paid their benefits.

40.　　Upon information and belief, Defendant Progano made misrepresentations to his employees that Wise would pay their benefits with the intent of inducing them to remain in Wise's employ.  Those individuals relied on Defendant Progano's misrepresentations to their detriment in that they remained in Wise's employ instead of going to work for a different employer that would have paid their benefits.

41.　　Defendant, Bhiro misrepresented to Plaintiffs the amounts due them by purposely withholding monthly contribution reports that would have alerted Plaintiffs to the amounts owed. Plaintiffs relied on these misrepresentations to their detriment.

42.　　Defendant Progano misrepresented to Plaintiffs the amounts due them by purposely withholding monthly contribution reports that would have alerted Plaintiffs to the amounts owed. Plaintiffs relied on these misrepresentations to their detriment.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

43.　　Wise executed Participation Agreements and/or a Collective Bargaining Agreement (hereinafter "CBA") and/or was and still is a party to the Participation Agreements and/or party to a CBA by virtue of membership in an Association.

44.　　The CBA, Participation Agreements, Trust Indentures and/or Policy for Collection of Delinquent Contributions (hereinafter collectively referred as to as "Agreements") require Wise to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreements for all work

performed by its employees covered by the Agreements and to remit such monetary contributions in accordance with the Agreements.

45.     Upon information and belief, as a result of work performed by the individual employees of Wise pursuant to the Participation Agreements, there became due and owing to the Funds benefit contributions.

46.     Pursuant to the Agreements, Wise failed to submit remittance reports and remit contributions due and owing under the Agreements for the period September 1, 2015 through to September 30, 2017 in the amount of $293,881.87 evidenced by an audit.

47.     Wise's failure, refusal or neglect to pay the contributions owed constitutes a violation of the Agreements between Wise and the Funds.

48.     Pursuant to the Agreements, upon Wise's failure to pay contributions there also became due and owing the following: liquidated damages; interest; attorneys' fees, audit fees and all costs incurred in initiating the court action for the collection of the delinquent contributions.

49.     Accordingly, Wise is liable to the Plaintiffs in the minimum amount of $293,881.87 plus interest, attorney fees, audit fees, liquidated damages and costs.

## CAUSES FOR RELIEF
## AS AND FOR A SECOND CLAIM FOR RELIEF

50.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "49" of this Complaint as if fully set forth at length herein.

51.     Upon information and belief, Defendant Javelin, has common ownership, common principals, common place of business, failed to follow corporate formalities, common officers, directors and management, share assets/financing, similar line of business and customers, common

equipment and employees, and have centralized control of labor relations with Wise. Accordingly, Defendant, Javelin is an alter ego of Wise.

52.     Upon information and belief, Defendant Javelin, aided Wise in evading its contractual obligations to Plaintiffs.  Upon information and belief, Defendant, Javelin aided Defendant Wise by performing work without conforming to the terms of the Agreements.

53.     Defendant, Javelin, as an alter ego of Wise is bound by the terms of the Agreements between Wise and the Plaintiffs.

54.     Upon information and belief as result of work performed by the individual employees of Wise, there became due and owing contribution reports and fringe benefit contributions to the Funds.

55.     As an alter ego, Javelin is required to remit contributions and remittance reports due and owing under the Agreements.  Accordingly, Javelin owes contribution reports and benefit contributions for the period of September 1, 2015 through to September 30, 2017, in the amount of $293,881.87 which is pursuant to an audit.

56.     Upon Javelin's failure to pay contributions, there also became due and owing the following:   liquidated damages; interest; attorneys' fees, audit fees and all costs incurred in initiating the court action for the collection of the delinquent contributions.

57.     Accordingly, Javelin, as an alter ego to Wise, is liable to the Plaintiffs in the minimum amount of $293,881.87 plus interest, attorney fees, audit fees, liquidated damages and costs.

**CAUSES FOR RELIEF**
**AS AND FOR A THIRD CLAIM FOR RELIEF**

58.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "57" of this Complaint as if fully set forth at length herein.

59.     Upon information and belief Defendants, Wise and Javelin's business operations are interrelated and they have common management and common ownership.

60.     Accordingly the Defendant, Javelin is a single employer of Wise.

61.     Defendant, Javelin, as a single employer of Wise, is bound by the terms of the Agreements between Wise and the Plaintiffs.

62.     Upon information and belief, as a result of work performed by the individual employees of Wise there became due and owing contribution reports and fringe benefit contributions to the Funds.

63.     As a single employer, Javelin is required to remit contributions and remittance reports due and owing under the Agreements.  Accordingly, Javelin owes contribution reports and benefit contributions for the period of September 1, 2015 through to September 30, 2017, in the amount of $293,881.87 which is pursuant to an audit.

64.     Upon Javelin's failure to pay contributions, there also became due and owing the following:   liquidated damages; interest; attorneys' fees, audit fees and all costs incurred in initiating the court action for the collection of the delinquent contributions.

65.     Accordingly, Javelin as a single employer of Wise, is liable to the Plaintiffs in the minimum amount of $293,881.87 plus interest, attorney fees, audit fees, liquidated damages and costs.

**CAUSES FOR RELIEF**

## AS AND FOR A FOURTH CLAIM FOR RELIEF

66.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "65" of this Complaint as if fully set forth at length herein.

67.     Section 515 of ERISA (29 U.S.C. Section 1145) requires Wise to pay fringe benefit contributions in accordance with the terms and conditions of the Agreements.

68.     Wise has failed to pay or timely pay the fringe benefit contributions to Plaintiffs owed as a result of work performed by individual employees of Wise. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

69.     Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon finding of an employer violation of Section 515 of ERISA (29 U.S.C. 1145) which requires an employer to pay fringe benefit contributions in accordance with the terms and conditions of the Agreements, the Court shall award payment to Plaintiffs' Funds of the unpaid fringe benefit contributions, plus liquidated damages and interest together with reasonable attorneys' fees, audit fees and costs and disbursements incurred in the action.

70.     The failure to pay has injured the Funds by delaying investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contributions amounts.

71.     Accordingly, Wise is liable to Plaintiffs under the Agreements for the payment of delinquent fringe benefit contributions and remittance reports under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145).

72.     Accordingly, Javelin as an alter ego of Wise is liable to Plaintiff under the Agreements for the payment of delinquent fringe benefit contributions and remittance reports under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145).

73.     Accordingly, Javelin as a single employer of Wise is liable to Plaintiffs under the Agreements for the payment of delinquent fringe benefit contributions and remittance reports under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145).

74.     Accordingly, Wise is liable to the Funds in the minimum amount of $293,881.87 plus liquidated damages, interest, reasonable attorney's fees, audit fees and costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

75.     Accordingly, Javelin is liable to the Funds in the minimum amount of $293,881.87 plus liquidated damages, interest, reasonable attorney's fees, audit fees, costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## CAUSES FOR RELIEF
## AS AND FOR A FIFTH CLAIM FOR RELIEF

76.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "75" of this complaint as if set forth at length therein.

77.     The financial integrity of the Plaintiffs' Funds and the allocation of proper eligibility and credit to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from Wise.

78.     Plaintiffs' Funds have no adequate remedy at law to ensure that Wise will adhere to their continuing statutory and contractual obligations.  The failure of Wise to promptly remit payment will cause Plaintiffs immediate and irreparable injury unless Wise and its officers, agents

and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

79.     By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining Wise from any further or future violations of this or subsequent Agreements with the Plaintiffs, as such agreements apply to the obligations of Wise to Plaintiffs herein.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
## AGAINST BHIRO, INDIVIDUALLY AND ROCCO PROGANO, INDIVIDUALLY

80.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "79" of this Complaint as if set forth at length herein.

81.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

82.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

83.     Upon information and belief, as a result of the work performed by Wise, under the Agreements, Wise received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

84.     By exercising control over assets belonging to the Funds, Bhiro is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section

1002(21)(A) and is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

85.     By exercising control over assets belonging to the Funds, Progano is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A) and is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

86.     Upon information and belief, Bhiro owned, controlled and dominated the affairs of Wise and carried on the business of Wise for his own personal ends.

87.     Upon information and belief, Bhiro owned, controlled and dominated the affairs of Wise and carried on the business of Javelin for his own personal ends.

88.     Upon information and belief, Progano owned, controlled and dominated the affairs of Wise and carried on the business of Wise for his own personal ends.

89.     Upon information and belief, Progano owned, controlled and dominated the affairs of Wise and carried on the business of Javelin for his own personal ends.

90.     Upon information and belief, Bhiro had managerial discretion and control over Wise and made all decisions on behalf of Wise; signed contracts governing Wise; signed checks for Wise and made all decisions concerning payments by Wise.

91.     Upon information and belief, Bhiro had managerial discretion and control over Javelin and made all decisions on behalf of Javelin; signed contracts governing Javelin; signed checks for the Javelin and made all decisions concerning payments by Javelin.

92.     Upon information and belief, Progano had managerial discretion and control over Wise and made all decisions on behalf of Wise; signed contracts governing Wise; signed checks for Wise and made all decisions concerning payments by Wise.

93.     Upon information and belief, Progano had managerial discretion and control over Javelin and made all decisions on behalf of Javelin; signed contracts governing Javelin; signed checks for the Javelin and made all decisions concerning payments by Javelin.

94.     Upon information and belief, Bhiro, determined which creditors Wise would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

95.     Upon information and belief, Bhiro, determined which creditors Javelin would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

96.     Upon information and belief, Progano, determined which creditors Wise would pay, determined when the Plaintiffs' Funds would be paid, determined how much money would be paid to the Plaintiffs' Funds, and exercised control over money due and owing to the Plaintiffs' Funds.

97.     Upon information and belief, Progano, determined which creditors Javelin would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

98.     Upon information and belief, Bhiro commingled assets of the Plaintiffs' Funds with the Wise's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Wise rather than forwarding the assets to the Plaintiffs' Funds.

99. Upon information and belief, Bhiro commingled assets of the Plaintiffs' Funds with the Javelin's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Javelin rather than forwarding the assets to the Plaintiffs' Funds.

100. Upon information and belief, Progano commingled assets of the Plaintiffs' Funds with the Wise's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Wise rather than forwarding the assets to the Plaintiffs' Funds.

101. Upon information and belief, Progano commingled assets of the Plaintiffs' Funds with the Javelin's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Javelin rather than forwarding the assets to the Plaintiffs' Funds.

102. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Wise and Bhiro have converted the property of the Funds.

103. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Javelin and Bhiro have converted the property of the Funds.

104. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Wise and Progano have converted the property of the Funds.

105. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, Javelin and Progano have converted the property of the Funds.

106. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Bhiro diverted the Plaintiffs' Funds' assets for his own personal use.

107. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Progano diverted the Plaintiffs' Funds' assets for his own personal use.

108.    By withholding contributions from Plaintiffs' Plans, Bhiro is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

109.    By withholding contributions from Plaintiffs' Plans, Progano is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

110.    By withholding the contributions from the Funds, Bhiro received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

111.    By withholding the contributions from the Funds, Progano received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

112.    By withholding the contributions from the Plaintiffs' Funds, Bhiro failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

113.    By withholding the contributions from the Plaintiffs' Funds, Progano failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

114.    As a result of the breaches of fiduciary duty described above, Bhiro is liable to the Funds for the amounts set forth herein which include contributions in the minimum amount of $293,881.87 plus interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

115.    As a result of the breaches of fiduciary duty described above, Progano is liable to the Funds for the amounts set forth herein which include contributions in the minimum amount of $293,881.87,  interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF AGAINST BHIRO, INDIVIDUALLY AND ROCCO PROGANO, INDIVIDUALLY

116.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "115" of this Complaint as if fully set forth at length herein.

117.    Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

118.    At all times relevant herein, upon information and belief, Bhiro is and/or was a party in interest with respect to the Plaintiffs' Funds because he was a fiduciary, employer, and/or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

119.    At all times relevant herein, upon information and belief,  Progano is and/or was a party in interest with respect to the Plaintiffs' Funds because he was a fiduciary, employer, and/or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

120.    Upon information and belief, Bhiro withheld contributions from the Plaintiff Funds and retained the plan assets for his own use.

121.  Upon information and belief, Progano withheld contributions from the Plaintiff Funds and retained the plan assets for his own use.

122.  By withholding the contributions from the Plaintiffs' Funds, Bhiro dealt with plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

123.  By withholding the contributions from the Plaintiffs' Funds, Progano dealt with plan assets in his own interest and/or exchanged property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

124.  By retaining assets of the Plaintiffs' Funds for his own use, Bhiro, as a fiduciary, has breached the fiduciary obligations owed to the Plaintiff Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

125.  By retaining assets of the Plaintiffs' Funds for his own use, Progano, as a fiduciary, has breached the fiduciary obligations owed to the Plaintiff Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

126.  Accordingly, Bhiro is jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

127.  Accordingly, Progano is jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

128.   As a result of the breaches of fiduciary duty described above, Bhiro is jointly and individually liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions in the minimum amount of $293,881.87 plus interest, liquidated damages, attorney fees, audit fees, as well as the costs and fees of collection.

129.   As a result of the breaches of fiduciary duty described above, Progano is jointly and individually liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions in the minimum amount of $293,881.87 plus interest, liquidated damages, attorney fees, audit fees, as well as the costs and fees of collection.

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

130.   Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1"through "129" of this Complaint as if fully set forth at length herein.

131.   Pursuant to ERISA and the Agreements, Wise is required to timely submit current fringe benefit contributions and reports to the Plaintiffs.

132.   As an alter ego to Wise, Javelin is required to timely submit current fringe benefit contributions and reports to the Plaintiffs.

133.   As a single employer to Wise, Javelin is required to timely submit current fringe benefit contributions and reports to the Plaintiffs.

134.   During the course of the instant action, additional contributions and/or delinquency charges may become due and owing.  If Wise fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

135.   During the course of the instant action, additional contributions and/or delinquency charges may become due and owing.  If Wise fails to pay the additional contributions and/or

delinquency charges, then Javelin would be responsible for those additional payments at the time of trial or judgment, whichever is later.

## AS AND FOR A NINTH CLAIM FOR RELIEF AGAINST BHIRO, INDIVIDUALLY

136.   Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1 through "135" of this Complaint as if fully set forth at length herein.

137.   Upon information and belief, Defendant, Bhiro is an officer, director and principal of Wise.  Upon further information and belief, at all relevant times Bhiro was an officer with operational control of Wise and was directly responsible for Wise's failure to pay benefit contributions to the Plaintiff Funds.  Upon information and belief, Bhiro was responsible for deciding whether to pay benefit contributions to Plaintiffs, and decided not to do so.

138.   A payroll audit of Wise's books and records covering the period September 1, 2015 to September 30, 2017 revealed that Wise owed benefit contributions to the Plaintiffs in the amount of $293,881.87. Upon information and belief, Defendant, Bhiro fraudulently caused Wise not to pay these amounts.

139.   Upon information and belief, these large delinquencies were incurred because Bhiro knowingly and willfully failed to report to Plaintiffs the amount of work performed by Wise's employees each month during the relevant time period.

140.   These misrepresentations were made for the purpose of deceiving the Plaintiffs, who relied upon them to their detriment.

141.   Upon information and belief, during the relevant period Wise received payments from the entities with whom it contracted to perform work in amounts sufficient to pay all benefit contributions owed to the Plaintiffs.  Upon information and belief, Defendant, Bhiro knowingly

and willfully directed that the monies not be paid to the Plaintiffs, and diverted those amounts elsewhere.

142.    Upon information and belief, Defendant, Bhiro directed Wise's bookkeeper to pay off all of Bhiro's personal debt rather than corporate debts.

143.    Upon information and belief, Defendant, Bhiro directed Wise's bookkeeper to divert income received for work contracted and performed by Wise to Javelin.

144.    Upon information and belief, Defendant, Bhiro misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant, Bhiro collected Wise's receivables from general contractors and diverted them for use in Javelin.

145.    Upon information and belief, Defendant, Bhiro made misrepresentations to his employees that Wise would pay their benefits with the intent of inducing them to remain in Wise's employ.  Those individuals relied on Defendant, Bhiro's misrepresentations to their detriment in that they remained in Wise's employ instead of going to work for a different employer who would have paid their benefits.

146.    Defendant, Bhiro made material false representations and omissions of fact with knowledge of their falsity and with an intent to defraud.  There was reasonable reliance on those misrepresentations and omissions by Plaintiffs and others, and Plaintiffs have been damaged.  In this manner, Defendant, Bhiro has perpetrated a fraud upon the Plaintiffs, and Plaintiffs have been damaged thereby.

147.    By reason of the foregoing, Defendant, Bhiro is liable to the Plaintiffs in the minimum amount of $293,881.87 plus interest, liquidated damages, reasonable attorneys' fees, audit fees, and costs and disbursements incurred in this action.

### AS AND FOR A TENTH CLAIM FOR RELIEF
### AGAINST ROCCO PROGANO, INDIVIDUALLY

148.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "1 through "147" of this Complaint as if fully set forth at length herein.

149.    Upon information and belief, Defendant Progano is an officer, director and principal of Wise.  Upon further information and belief, at all relevant times Progano was an officer with operational control of Wise and was directly responsible for Wise's failure to pay benefit contributions to the Plaintiff Funds.  Upon information and belief, Progano was responsible for deciding whether to pay benefit contributions to Plaintiffs, and decided not to do so.

150.    A payroll audit of Wise's books and records covering the period September 1, 2015 through to September 30, 2017 revealed that Wise owed benefit contributions to the Plaintiffs in the amount of $293,881.87. Upon information and belief, Defendant Progano fraudulently caused Wise not to pay these amounts.

151.    Upon information and belief, these large delinquencies were incurred because Defendant Progano knowingly and willfully failed to report to Plaintiffs the amount of work performed by Wise's employees each month during the relevant time period.

152.    These misrepresentations were made for the purpose of deceiving the Plaintiffs, who relied upon them to their detriment.

153.    Upon information and belief, during the relevant period Wise received payments from the entities with whom it contracted to perform work in amounts sufficient to pay all benefit

contributions owed to the Plaintiffs.  Upon information and belief, Defendant Progano knowingly and willfully directed that the monies not be paid to the Plaintiffs, and diverted those amounts elsewhere.

154.    Upon information and belief, Defendant Progano directed Wise's bookkeeper to pay off all of Progano's personal debt rather than corporate debts.

155.    Upon information and belief, Defendant Progano directed Wise's bookkeeper to divert income received for work contracted and performed by Wise to Javelin.

156.    Upon information and belief, Defendant, Progano misrepresented to general contractors for whom Wise performed work that Wise had paid all benefit contributions to Plaintiffs, thereby inducing the general contractors to pay contract monies to Wise instead of withholding said monies.  Upon further information and belief, Defendant Progano collected Wise's receivables from general contractors and diverted them for use in Javelin.

157.    Upon information and belief, Defendant Progano made misrepresentations to his employees that Wise would pay their benefits with the intent of inducing them to remain in Wise's employ.  Those individuals relied on Defendant Progano's misrepresentations to their detriment in that they remained in Wise's employ instead of going to work for a different employer who would have paid their benefits.

158.    Defendant Progano made material false representations and omissions of fact with knowledge of their falsity and with an intent to defraud.  There was reasonable reliance on those misrepresentations and omissions by Plaintiffs and others, and Plaintiffs have been damaged.  In this manner, Defendant Progano has perpetrated a fraud upon the Plaintiffs, and Plaintiffs have been damaged thereby.

159.    By reason of the foregoing, Defendant Progano is liable to the Plaintiffs in the minimum amount of $293,881.87 plus interest, liquidated damages, reasonable attorneys' fees, audit fees, and costs and disbursements incurred in this action.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against the Defendants as follows:

On the First, Second, Third, Fourth, Sixth, Eighth, Ninth, and Tenth Claims for Relief:

(a) In the minimum amount of $293,881.87 representing benefit fund contributions for the period of September 1, 2015 through to and including September 30, 2017 based on an audit, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements all in accordance with the Trade Agreement, Trust Documents and the Policy for Collection of Delinquent Contributions.

On the Fifth Claim for Relief:

(b) A permanent injunction enjoining Wise from violating the terms of this or successive Participation Agreement and Declarations of Trust as they relate to the Plaintiffs herein, including but not limited to the reporting any paying of all fringe benefit contributions in a timely fashion.

On the Eighth Claim for Relief:

(c) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

(d) Court Costs and disbursements

On all claims for Relief:

(e) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, NY
       August 16, 2018

                        Respectfully submitted,
                        BARNES, IACCARINO, & SHEPHERD, LLP

                        By_____
                            Danielle M. Carney, Esq.
                            Attorneys for the Plaintiffs
                            3 Surrey Lane, Suite 200
                            Hempstead, NY 11550
                            (516) 483-2990